FRANK G. OLLER and PATRICIA J. OLLER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Oller v. Commissioner
Docket No. 442-80.
United States Tax Court
T.C. Memo 1981-124; 1981 Tax Ct. Memo LEXIS 623; 41 T.C.M. (CCH) 1115; T.C.M. (RIA) 81124; March 17, 1981. Frank G. Oller, pro se. John Meaney and Jan R. Pierce, for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: Respondent determined deficiencies in petitioners' Federal income *625 taxes for 1973 and 1977 of $ 7,905.00 and $ 403.50, respectively. The issues are (1) whether advances made to a corporation constitute loans or contributions to capital for purposes of the deduction for bad debts under section 166, [1] and (2) whether petitioner Frank G. Oller is liable for self-employment tax in 1977 on certain oil and gas royalty income. FINDINGS OF FACT Some of the facts have been stipulated and are so found. Petitioners, Frank G. Oller and Patricia J. Oller, resided in Island Park, Idaho, at the time they filed their petition in this case. Frank G. Oller (hereinafter petitioner or petitioner-husband) has been a mechanical contractor and has been involved in oil and gas production. In 1967, petitioner incorporated Gayle Oller Co., Inc. (Oller Co.), a plumbing contracting firm. Petitioner's initial investment in Oller Co. was $ 500. Oller Co. was not very successful and was never able to establish credit without petitioner's personal guarantee. Petitioner continually advanced funds to the corporation *626 to allow it to pay its bills. He was repaid only when funds became available, and repayment was at all times contingent upon how the corporation fared. Petitioner's outstanding loans were recorded as such on Oller Co.'s books; but no notes were executed for the debt, no security was pledged, and no interest was charged. The "Notes Payable Stockholders" account of Oller Co. contains the following entries: Date
Entry
Balance
For
10-30-75
($ 5,000.00)
($ 5,000.00)
Personal income given to
corporation
10-30-75
( 3,000.00)
( 8,000.00)
Personal income given to
corporation
12-30-75
( 6,059.77)
(14,059.77)
Corporate expenses paid by Mr.
Oller
8-3-76
13.36
Corporate income given to Mr. Oller
9-1-76
( 2,858.96)
Corporate expenses paid by Mr. Oller
Oller
9-1-76
1,250.00
(15,655.37)
Corporate income given to Mr.
12-31-76
15,655.37
00
Close out books
Oller Co. was nearly defunct during 1976, and in early 1977 the company's last opportunities evaported. Petitioner's investment in Oller Co. became totally worthless in 1977. On petitioner's 1976 tax return he wrote off his $ 500 original investment in Oller *627 Co. as a capital loss and deducted $ 15,655.37, the amount of his outstanding loans to Oller Co., as a business bad debt which became worthless during the taxable year. This bad debt deduction contributed to a substantial net operating loss for 1976 which petitioner carried back to 1973. Petitioner was in the oil and gas business in 1973 and 1976. He owned oil and gas leases which were developed and operated by third parties, and with respect to which petitioner received a share of both profits and losses. This activity continued into 1977. On his returns for both 1973 and 1976, petitioner reported his income and losses from oil and gas as having been incurred in a trade or business, and he computed his self-employment tax liability accordingly. On his 1977 tax return, petitioner reported his oil and gas income and expenses as "royalties," and he did not report or pay self-employment tax. In his statutory notice, respondent disallowed petitioners' 1976 bad debt deduction, thereby reducing petitioners' net operating loss carryback to 1973. Instead, respondent determined petitioners were entitled to capital losses in 1977, subject to the capital loss limitation provisions of *628 section 1211(b). Respondent also determined petitioner Frank G. Oller was liable for self-employment tax in 1977. OPINION The issues presented are whether petitioners are entitled to a bad debt deduction under section 166 and whether petitioner-husband is liable for the tax on self-employment income imposed by section 1401 for his 1977 taxable year. The first question, the bad debt deduction, requires us to determine whether petitioner's advances to Oller Co. must be treated as loans or as contributions to capital. Sec. 1.166-1(c), Income Tax Regs. This issue has been litigated frequently, and no purpose would be served by reviewing the cases in detail here. Suffice it to say the fundamental question is whether petitioner reasonably expected to be repaid out of corporate assets, in which case his advances will be treated as bona fide loans, or whether petitioner's funds were placed at the risk of the corporate venture, in which case the advances will be treated as contributions to capital. See John Kelley Co. v. Commissioner,336 U.S. 521 (1946); A.R. Lantz Co. v. United States,424 F.2d 1330 (9th Cir. 1970); Thompson v. Commissioner,73 T.C. 878, 894 *629 and cases cited (1980). The evidence leaves little doubt petitioner's advances to Oller Co. constituted venture capital. At trial, petitioner forthrightly admitted that Oller Co. was financially weak and undercapitalized when the advances were made, that he expected repayment only in the event Oller Co. operated profitably, and that Oller Co. had extremely limited prospects. [2] We therefore hold petitioner is not entitled to a bad debt deduction for 1976 and sustain respondent's determination that petitioner suffered capital losses in 1977 with respect to his investment in Oller Co. The second issue is whether petitioner is liable for self-employment tax on his net oil and gas income in 1977. Section 1401 imposes taxes for social security on the self-employment income of individuals. Subject to a number of exclusions and exceptions, "self-employment income" is defined generally in section 1402 as net income other than wages from a "trade or business" as that term is used in section *630 162. Sec. 1402(a), (c), and (d); sec. 1.1402(c)-1, Income Tax Regs. See generally Gentile v. Commissioner,65 T.C. 1 (1975). General partners' (but not limited partners') partnership income is included. See sec. 1402(a)(12). In short, petitioner is liable for the tax if individually or as a partner he was in the business of producing oil and gas during 1977. The record is woefully inadequate as to petitioner's exact status in the oil and gas business in 1977. What is clear is that petitioner has fallen far short of meeting his burden to prove he was not in that trade or business. Accordingly, respondent's determination is sustained. See Rule 142(a), Tax Court Rules of Practice and Procedure.
Finally, at trial petitioner moved to amend his pleadings to claim an additional deduction for moving expenses allegedly incurred in 1976. However, there was initially some question whether we had jurisdiction to determine the issue, no deficiency having been determined for 1976, and whether petitioner's claim was barred by the statute of limitations. Respondent's counsel agreed to leave the matter open and to consider petitioner's claim on the merits in the event *631 the claim was not time-barred. We find petitioner's additional claim for 1976 is not time-barred and may properly be raised in this action. In Revenue Ruling 72-195, 1972-1 C.B. 95, respondent stated his position that moving expenses allowable under section 217 constitute business expenses for purposes of the section 172 net operating loss which are not subject to the nonbusiness loss limitations of section 172(d)(4). Thus, if petitioner did in fact incur allowable moving expenses in 1976, they affect the amount of his 1976 net operating loss which can be carried back to 1973, which year and issue are squarely presented in this case. [3] The parties are therefore directed to determine petitioner's 1976 moving expenses, if any, and to take them into account in the computation under Rule 155, Tax Court Rules of Practice and Procedure. In accord with both parties' representations at trial, we trust they will be able to agree on the allowable amount of such expenses without the need for further evidentiary hearings on the matter. To reflect the foregoing, Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect for the years in issue.↩
2. We have also considered the possibility petitioner considered himself, in effect, a guarantor of Oller Co.'s debts, but the record before us is simply insufficient to support such a finding.↩
3. See also sec. 6214(b).↩